IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **EBONY PAYNE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 1:19-CV-00003 |
| **NAVIGATOR CREDIT UNION,** | ) |
| | ) **JURY DEMANDED** |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT**

**COMES NOW** Plaintiff, Ms. Ebony Payne (hereinafter referred to as "Ms. Payne" or "Plaintiff"), by and through her undersigned counsel of record, and files this Complaint against Defendant, Navigator Credit Union (hereinafter referred to as "Navigator" or "Defendant"). As grounds for this Complaint, Plaintiff states as follows:

**I.      JURISDICTION AND VENUE**

1.      This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by the Family Medical Leave Act of 1993, codified at 29 U.S.C. § 2601 et seq. (hereinafter referred to as "FMLA"), and the Americans with Disabilities Act of 1990, as amended, codified at 42 U.S.C. § 12101 et seq. (hereinafter referred to as "ADA").

1

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), and 2202.

3. The venue of this action is properly placed in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims accrued in Mobile County, Alabama.

## II. ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Navigator. Charge number 420-2018-01262 (hereinafter referred to as the "Charge"), alleging disability discrimination, was filed on or about February 5, 2018. (Attached hereto as Exhibit "A").

5. On October 15, 2018, the EEOC issued a Notice of Suit Rights with respect to the Charge. (Attached hereto as Exhibit "B").

6. Plaintiff received the Notice of Suit Rights on October 18, 2018.

7. Plaintiff has now filed her Complaint within ninety (90) days of receipt of the Notice of Suit Rights.

8. Plaintiff has thus exhausted all administrative remedies with respect to the Charge prior to filing the Complaint.

## III. PARTIES

**(a) Plaintiff**

9. Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, and is a resident of Baldwin County, Alabama.

10. Plaintiff was an FMLA eligible employee in that she worked for the Defendant for more than twelve (12) months and had worked more than 1,250 hours within the preceding twelve (12) months, pursuant to 29 U.S.C. § 2611(2).

11. Plaintiff has a qualifying disability under the ADA in that she has physical and/or mental impairments which substantially limit one (1) or more of her major life activities; Defendant also perceived Plaintiff as being an individual with a disability which substantially limits major life activities, pursuant to 42 U.S.C. §12102(1).

12. Plaintiff is a qualified individual under the ADA in that she could perform the essential functions of her employment, with or without reasonable accommodations, pursuant to 42 U.S.C. § 12111(8).

**(b) Defendant**

13. Defendant is a financial institution, based out of Pascagoula, Mississippi, with a branch in Mobile, Alabama, whose address is 1950 Government Street, Mobile, Alabama 36606.

14. Defendant employs at least fifty (50) employees within a seventy-five (75) mile radius of the location at which Plaintiff worked, pursuant to 29 U.S.C. § 2611(2).

15. Defendant employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. § 2611(4).

16. Defendant is an employer for purposes of the ADA, pursuant to 42 U.S.C. § 12111(5).

17. Defendant is also a covered employer pursuant to 42 U.S.C. § 12111(2).

18. The actions that are the basis of this Complaint occurred at Navigator Credit Union located at 1950 Government Street, Mobile, Alabama 36606.

## FACTUAL ALLEGATIONS

19. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighteen (18) above with the same force and effect as if fully set out in specific detail herein below.

20. On or about August 1, 2016, Navigator hired Ms. Payne as a Financial Service Representative.

21. On or about September 14, 2017, Ms. Payne was diagnosed with pancreatic cancer.

22. On or about September 26, 2017, Plaintiff requested intermittent FMLA leave secondary to her diagnosis.

23. With her request, Plaintiff included a "Certification of Health Care Provider for Employee's Serious Health Condition" form, which indicated that Plaintiff could perform the essential functions of her job and noted that she would need treatment in the future for her condition.

24. Defendant approved Plaintiff's FMLA leave, and subsequently approved all requests for FMLA leave from October 2, 2017 to December 12, 2017.

25. In November of 2016, nearly a full year before Plaintiff requested leave under the FMLA, and disclosed to Navigator her diagnosis, Plaintiff allegedly made a mistake which violated Defendant's loan procedure.

26. At the time of the incident, Defendant had only recently implemented a new system to process loans, and Plaintiff allegedly did not properly utilize the new system.

27. According to Defendant, it did not learn of the alleged mistake until April 2017, although Plaintiff discussed the issue with an IT employee only a few months after it happened.

28. Regardless of when Defendant learned of the alleged mistake, Defendant did not reprimand or otherwise subject Plaintiff to any form of corrective

action in April of 2017, or thereafter, until after learning of Plaintiff's need for FMLA leave and her diagnosis.

29. On or about October 3, 2017, just one (1) day after Defendant approved Plaintiff's FMLA leave, Defendant placing Plaintiff on a Performance Improvement Plan ("PIP") for the November 2016 issue.

30. Nearly a full year after the alleged loan incident occurred, and nearly six (6) months after Defendant allegedly learned of the incident, Defendant suddenly determined that Plaintiff violated Navigator policy such that it warranted placing her on a PIP.

31. In addition to placing Plaintiff on a PIP, Defendant suspended Plaintiff from October 4, 2017 through October 6, 2017 for the alleged issue which **occurred approximately a year prior, and about which Defendant was aware since April of 2017**.

32. Unexplainably, Defendant then placed Plaintiff on probation from October 5, 2017 through March 2, 2018.

33. On or about December 13, 2017, Plaintiff informed her direct supervisor, Mr. Sheamon McCants ("Mr. McCants"), that her cancer was incurable, and that she would require surgery in February 2018, with an anticipated two (2) month recovery time.

6

34. Upon information and belief, Mr. McCants informed Ms. Patrice Mims ("Ms. Mims"), Defendant's Chief Operations Officer, and Ms. Judy Lee ("Ms. Lee"), Defendant's Human Resources Director, about Plaintiff's prognosis.

35. The next day, on or about December 14, 2017, Mr. McCants, Ms. Mims, and Ms. Lee called Plaintiff to a meeting.

36. Defendant terminated Plaintiff on the spot.

37. Defendant's stated, non-retaliatory and non-discriminatory reason for termination was that Plaintiff allegedly violated Defendant's lending policies and code of ethics, and because she allegedly violated the terms of her probation.

38. Defendant alleged that Plaintiff took an application from an indirect dealer, although Plaintiff was trained to accept applications from indirect dealers.

39. At Plaintiff's termination, Mr. McCants stated to Plaintiff that he did not "know that you could get in trouble for taking applications from indirect dealers".

40. Mr. McCants engaged in the same conduct for which Defendant allegedly terminated Plaintiff, but Defendant did not terminate Mr. McCants.

41. Defendant's decision to terminate Plaintiff was motivated by the fact that Plaintiff had recently been diagnosed with incurable cancer.

42. But for exercising her rights to leave under the FMLA, Defendant would not have terminated Plaintiff's employment.

## COUNT ONE- FMLA RETALIATION

43.     The Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-two (42) above with the same force and effect as if fully set out in specific detail herein below.

44.     As a result of her cancer diagnosis, on or about September 26, 2017, Plaintiff engaged in statutorily protected conduct by requesting leave under the FMLA.

45.     Defendant approved Plaintiff's request for intermittent leave from October 2, 2017 through December 12, 2017.

46.     Approximately one (1) day after Defendant approved Plaintiff's leave, Defendant placed Plaintiff on a PIP, suspended her employment, and put Plaintiff on a six (6) month probation, allegedly as corrective action for mishandling a loan one (1) year prior.

47.     Approximately two (2) days after Plaintiff's FMLA ended and one (1) day after Plaintiff informed Defendant she would need more time off in the coming months, Defendant terminated Plaintiff's employment.

48.     Defendant terminated Plaintiff for allegedly violating a policy against accepting applications from indirect dealers, although no one knew this was against policy.

49. As a direct result of Plaintiff's request for leave, Defendant terminated Plaintiff, on or about December 14, 2017.

50. Defendant terminated Plaintiff because of her request for leave.

51. Plaintiff suffered severe damages as a result of Defendant's actions in terminating Plaintiff.

## COUNT TWO- DISABILITY DISCRIMINATION UNDER THE ADA

52. The Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty-one (51) above with the same force and effect as if fully set out in specific detail herein below.

53. Plaintiff has cancer, a qualifying disability under the ADA.

54. Plaintiff's cancer substantially limits one (1) or more major life activities.

55. Plaintiff was qualified for her position with Navigator, with or without reasonable accommodation for her disability.

56. During the course of her employment, Plaintiff needed to take intermittent FMLA leave to care for her condition.

57. Defendant approved Plaintiff's request for FMLA intermittent leave from October 2, 2017 to December 12, 2017.

58. Plaintiff continued to work for Navigator full-time following the diagnosis until Navigator terminated Plaintiff's employment, on or about December 14, 2017.

59. Prior to Plaintiff's diagnosis and subsequent request for FMLA leave, Defendant did not raise any concerns with Plaintiff with respect to the loan incident that allegedly occurred in November 2016, even though Defendant became aware of the incident in April 2017.

60. Less than one (1) week after learning of Plaintiff's diagnosis and request for FMLA leave, Defendant began punishing Plaintiff for the alleged incident that occurred more than one (1) year prior.

61. Defendant immediately placed Plaintiff on a PIP, suspended her employment, and placed her on probation, on or about October 3, 2017.

62. Approximately one (1) day after Plaintiff informed Defendant that her cancer was incurable and would require surgery, Defendant terminated Plaintiff.

63. Defendant allegedly terminated Plaintiff for violating company policies while on probation; however, none of Defendant's employees knew that accepting indirect loan applications was against policy.

64. Defendant's decision to terminate Plaintiff was motivated by her disability.

65. Defendant discriminated against Plaintiff in violation of the ADA because Plaintiff was diagnosed with incurable cancer.

## COUNT THREE- ADA RETALIATION

66. The Plaintiff re-alleges and incorporates by reference paragraphs one (1) through sixty-five (65) above with the same force and effect as if fully set out in specific detail herein below.

67. As a result of her cancer diagnosis, on or about September 26, 2017, Plaintiff engaged in statutorily protected conduct by requesting FMLA leave.

68. Plaintiff exercised her right to leave under the FMLA, and made the request to Defendant for the same, as a reasonable accommodation request under the ADA.

69. Defendant approved Plaintiff's request for intermittent leave from October 2, 2017 through December 12, 2017.

70. Approximately one (1) day after Defendant approved Plaintiff's leave, Defendant placed Plaintiff on a PIP, suspended her employment, and put Plaintiff on a six (6) month probation, allegedly as corrective action for mishandling a loan one (1) year prior, all in retaliation for Plaintiff requesting a reasonable accommodation under the ADA.

71. Approximately two (2) days after Plaintiff's FMLA ended on December 12, 2017, and one (1) day after Plaintiff informed Defendant she would

need additional time off for surgery secondary to her cancer diagnosis, Defendant terminated Plaintiff's employment.

72. Defendant terminated Plaintiff for allegedly violating a policy against accepting applications from indirect dealers, although other employees committing the same alleged infraction were note terminated.

73. As a direct result of Plaintiff's request for accommodation in the form of leave under the FMLA, Defendant terminated Plaintiff, on or about December 14, 2017.

74. Defendant terminated Plaintiff because of her request for reasonable accommodation in the form of leave under the FMLA.

WHEREFORE premises considered, Plaintiff demands judgment against the Defendant for front and back wage damages, compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which he may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

Joshua A. Wrady (ASB-9617-J68W)
*Attorney for Plaintiff*

**WRADY & MICHEL, LLC**
505 20th Street North
Suite 1650
Birmingham, Alabama 35242
Joshua@wmalabamalaw.com
Tel: (205) 980-5704
Fax: (205) 994-2819