# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EBONY PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0003-WS-MU |
| | ) |
| NAVIGATOR CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Partial Motion to Dismiss (doc. 6). The Motion has been briefed and is now ripe for disposition.

**I.   Background.**

Plaintiff, Ebony Payne, filed a Complaint (doc. 1) against her former employer, Navigator Credit Union, on January 8, 2019. On its face, the Complaint sets forth causes of action for retaliation under the Family and Medical Leave Act (Count One), disability discrimination under the Americans with Disabilities Act ("ADA") (Count Two) and retaliation under the ADA (Count Three). As pleaded, the Complaint includes factual allegations that (i) Navigator placed Payne on a performance improvement plan and suspended her employment approximately one day after approving her request for intermittent medical leave to receive treatment for pancreatic cancer; and (ii) Navigator terminated Payne's employment the very next day after she notified Navigator that she had been diagnosed with incurable cancer for which she would require surgery, with a two-month recovery time. On that basis, Count Three alleges, "Defendant terminated Plaintiff because of her request for reasonable accommodation in the form of leave under the FMLA." (Doc. 1, ¶ 74.) Thus, the theory animating Payne's ADA retaliation claim is that Navigator terminated her employment for engaging in protected activity by requesting medical leave as a reasonable accommodation for her disability (cancer).

Defendant now moves to dismiss Count Three on the ground of failure to exhaust administrative remedies. Simply put, Navigator's position is that Payne failed properly to submit

her ADA retaliation claim to the Equal Employment Opportunity Commission ("EEOC"), and that she is therefore barred from pursuing such a claim in these judicial proceedings. In her signed Charge of Discrimination dated January 24, 2018, Payne checked only the "Disability" box, not the "Retaliation" box. The word "retaliation" is nowhere to be found in the narrative portion of the Charge, which contains the following relevant excerpts:

> "On or about September 14, 2017, I was diagnosed with pancreatic cancer. On or about September 26, 2017, I was approved for intermittent leave pursuant to the Family Medical Leave Act.
>
> "On or about October 26, 2017, I was put on probation … as a result of utilizing an improper loan procedure … almost (1) year prior. … On or about December 13, 2017, I informed Mr. Sheamon McCants …, my Direct Supervisor, that my cancer was incurable, but that a doctor had agreed to perform surgery in February 2018. I advised Mr. McCants that this surgery would require approximately two (2) months of recovery time. Mr. McCants related this information to Ms. Mims [Navigator's Chief Operations Officer], who informed Ms. Judy Lee …, the Human Resources Director. The very next day, in a meeting with Mr. McCants, Ms. Mims, and Ms. Lee, Respondent terminated my employment for allegedly violating Respondent's code of ethics policy by taking an application from an indirect dealer, although I had been trained to take applications from indirect dealers. During the meeting regarding my termination, Mr. McCants stated, 'So let me get this right, we can't take indirect dealers' applications?' I believe Respondent's stated reason for the termination of my employment was merely a pretext for disability discrimination.
>
> "Based on the foregoing, I believe I have been subjected to disparate terms and conditions of employment, because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended (the "ADA")."

(Doc. 1, Exh. A, at 1-2.) The Charge lists the latest day of discrimination as December 14, 2017, the date on which Navigator terminated Payne's employment.

**II.     Analysis.**

The governing legal standard is well-settled and uncontested. "An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act." *Stamper v. Duval County School Board*, 863 F.3d 1336, 1339 (11th Cir. 2017) (citations omitted). "The first step down the path to exhaustion is filing a timely charge of discrimination with the [EEOC]." *Id.* at 1340 (citations and internal marks omitted). To effectuate the exhaustion requirement, the Eleventh Circuit has held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of

discrimination." *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (citations omitted). What that means is that "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but … allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (citation omitted).

Thus, a plaintiff's failure to check a particular box on her EEOC Charge form is neither dispositive nor conclusive as to the exhaustion requirement. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970) ("[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error."); *see also Rolin v. Escambia County Bd. of Educ.*, 752 F. Supp. 1020, 1023 (S.D. Ala. 1990) ("it is not dispositive that the plaintiff did not check the box next to 'sex' in the section of the EEOC charge which directs the complainant to check the base(s) of the alleged discrimination"). Rather, "it is well established that the scope of an EEOC complaint should not be strictly interpreted." *Sanchez*, 431 F.2d at 465 (citation and internal quotation marks omitted); *see generally Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) ("we have been extremely reluctant to allow procedural technicalities to bar claims brought under discrimination statutes") (citations and internal marks omitted). "The proper inquiry … is whether [plaintiff's] complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory*, 355 F.3d at 1280. The Eleventh Circuit has consistently applied that standard in examining whether particular judicial claims satisfy the exhaustion requirement under Title VII and the ADA. *See, e.g., Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1307 n.5 (11th Cir. 2018) ("Although Hornsby-Culpepper did not allege a race claim in her EEOC charge, she could still bring a race discrimination claim in her civil complaint provided that it was reasonably related to the allegations in her EEOC charge."); *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) ("A Title VII action … may be based not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.") (citations and internal quotation marks omitted).

Here, the parties are in agreement that the foregoing principles govern Navigator's Motion to Dismiss. They simply diverge as to whether the ADA retaliation claim set forth in Count Three of the Complaint is reasonably related to the allegations set forth in the narrative portion of Payne's EEOC Charge. The sole premise of Navigator's Motion to Dismiss is that a

retaliation claim would not reasonably be expected to grow out of the allegations in Payne's EEOC Charge. As defendant summarizes its position, "A claim for disability discrimination is distinct from a retaliation claim with separate elements for each cause of action, and vague allegations that could give rise to a claim of retaliation are not sufficient." (Doc. 6, at 6.) By contrast, plaintiff argues that the narrative section of her EEOC Charge "put the EEOC on notice of an ADA retaliation claim. Plaintiff's Charge included the necessary factual basis for the claim, such that it was within the scope of the EEOC's investigation and could reasonably be expected to grow out of the Charge." (Doc. 12, at 9-10.)

Upon careful examination of the text of the EEOC Charge, the Court concludes that plaintiff has the better argument. Although Payne's Charge did not expressly identify a retaliation action, it did specify that she was disciplined shortly after requesting intermittent medical leave for cancer treatments, and that she was fired one day after informing her supervisor that her cancer was incurable and that she was scheduled for surgery from which she would require two months of recovery time. To be sure, these factual allegations were presented in the context of an administrative charge grounded in ADA discrimination, not ADA retaliation. However, the identical factual predicate underlies, supports, and reasonably lends itself to each theory. Again, the Charge alleges that Navigator discriminated against Payne based on a disability by placing her on probation shortly after approving her intermittent medical leave for pancreatic cancer treatments, and by firing her one day after she notified Navigator that her cancer was incurable and that she would require two months off to recover from surgery. Under any reasonable reading, the ADA retaliation claim pleaded in Count Three of Payne's Complaint is like or related to the Charge's allegations, and the EEOC's investigation of that Charge would reasonably have been expected to encompass retaliation, not just disability discrimination.

This conclusion is buttressed by the Eleventh Circuit's recent decision in *Batson v. Salvation Army*, 897 F.3d 1320 (11th Cir. 2018). Much like Payne, the *Batson* plaintiff alleged only disability discrimination in her EEOC charge and did not mark the retaliation box, then sought to bring an ADA retaliation claim in her judicial complaint. After the district court dismissed the retaliation claim for want of exhaustion, the Eleventh Circuit reversed. In so doing, the appellate panel reasoned that "the information included in the Charge was sufficiently 'related to' Batson's retaliation claim to satisfy the exhaustion requirement." *Id.* at 1328. What information was that? "In the Charge, Batson stated that she believed she suffered

discrimination because of her disability, that she had requested an accommodation in February 2013, and that her request was denied. The Charge also listed Batson's termination date as the last day on which discrimination had taken place." *Id.* According to *Batson*, because the accommodation request was the basis for the alleged retaliation, and the charging party's termination (mentioned in the charge) was the form of the alleged retaliation, "an EEOC investigation of Batson's failure to accommodate claim would have 'at least in some fashion' uncovered Batson's retaliation claim." *Id.* The same conclusion inexorably follows here. In her Charge, Payne alleged that she requested accommodation on two occasions, and that shortly thereafter she was placed on probation and fired, ostensibly for a processing error she had made one year earlier. This information is closely related to Payne's ADA retaliation claim as found in Count Three of the Complaint. Payne's accommodation requests (mentioned in the Charge) were the bases for the alleged retaliation, and her probation and discharge (both mentioned in the Charge) were the form of the alleged retaliation. Accordingly, under *Batson*'s reasoning, Payne's ADA retaliation claim in Count Three clearly satisfies the administrative exhaustion requirement.

In arguing otherwise, Navigator insists that *Batson* is distinguishable because the Eleventh Circuit was "compelled by the fact that the charging [party was] not represented by counsel at the EEOC stage." (Doc. 15, at 3.) Defendant overstates the significance of this factor. To be sure, the Eleventh Circuit noted that "Batson's Charge, prepared without the assistance of counsel, and under the liberal EEOC charge strictures, was sufficient to exhaust Batson's remedies with respect to her ADA retaliation claim." *Batson*, 897 F.3d at 1328 (citation, internal quotation marks, and footnote omitted). However, nowhere did the *Batson* panel assign dispositive weight to plaintiff's unrepresented status during the EEOC stage, or suggest that the exhaustion issue might have been decided differently had an attorney assisted the plaintiff in preparing her EEOC Charge. To the contrary, a fair reading of *Batson* is that the Eleventh Circuit's "related to" analysis, reasoning and result would have remained constant even if the plaintiff had received the assistance of counsel in drafting her EEOC Charge. Defendant's proposed construction of *Batson* is thus unpersuasive.[1]

---

[1] Besides, the Court has no information before it as to whether Payne received a lawyer's help in preparing her EEOC Charge or not. Defendant did not even raise this issue until
(Continued)

In arguing that Count Three flunks the administrative exhaustion requirement, Navigator relies heavily on an unpublished district court opinion, *Austin v. Compass Group*, 2014 WL 37738 (N.D. Ala. Jan. 6, 2014), even going so far as to append Austin's EEOC Charge to its principal brief as an exhibit. (Doc. 6, at 6-8 & Exh. A; doc. 15, at 1-3.)[2] As an unpublished lower-court decision, of course, *Austin* is merely persuasive authority. More importantly, *Austin* is readily distinguishable. Austin's EEOC Charge included factual allegations of race discrimination, but not retaliation. Specifically, Austin alleged that her supervisor required her to come to work after she had called out with a leg injury, ostensibly because an employee of a different race had called in sick. Austin's Charge reads, "I contacted HR and I was instructed to talk to [the supervisor] about the situation." (Doc. 6, Exh. A.) Nowhere in that Charge did Austin indicate that the nature of her contact with HR was a complaint that the supervisor's demand for her to come to work was motivated by race. From the face of the Charge, it is impossible to discern whether there was any racial component to Austin's discussions with HR. Thus, nothing in Austin's Charge reflects protected activity that might support a retaliation claim. By contrast, Payne's EEOC Charge directly, unequivocally alleged that she engaged in protected activity by requesting medical leave (*i.e.*, an ADA accommodation) on two occasions. In light of this distinction, the *Austin* court's observation that "[b]ecause Plaintiff's Charge does not contain any retaliation allegations, Plaintiff failed to exhaust her administrative remedies as to her retaliation claim," 2014 WL 37738, at *8, has no bearing on the viability *vel non* of Payne's ADA retaliation claim. Accordingly, *Austin* does not bolster defendant's Motion to Dismiss because, from reviewing the narrative portion of the EEOC Charge, there was simply no way to tell whether Austin had ever engaged in protected activity.

---

its Reply (doc. 15, at 3-4), such that plaintiff never had an opportunity to be heard in response or to clarify the facts. Navigator would simply have this Court assume that Payne was represented by counsel at the EEOC stage, which the undersigned will not do on this record in adjudicating the Rule 12(b)(6) Motion.

  [2]  For example, in support of its contention that "[t]he case law in this Circuit favors Navigator's position," defendant cites *Austin* as the lead case. (Doc. 15, at 1-2.) In criticizing Payne's position, Navigator writes, "Ms. Payne does not seek to distinguish *Austin* …. The allegations in *Austin*, like the allegations here, fall short of alleging retaliation." (*Id.* at 3.)

**III.  Conclusion.**

For all of the foregoing reasons, the Court concludes that Payne exhausted her administrative remedies as to the ADA retaliation claim set forth in Count Three of her Complaint because that claim reasonably related to the allegations of her EEOC Charge. Defendant's Partial Motion to Dismiss (doc. 6) is **denied**.

DONE and ORDERED this 12th day of April, 2019.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE